UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
DYEGO FODDRELL,

               Petitioner,

      -against-                          ORDER ADOPTING REPORT
                                         AND RECOMMENDATION
THOMAS LAVALLEY, Superintendent,
Clinton Correctional Facility,
                                           12-CV-6562 (CS)(LMS)

               Respondent.
------------------------------------------------------x

Seibel, J.

       Before the Court are Respondent's objections, (Doc. 22), and Petitioner's objections, (Doc. 24), to the Report and Recommendation of United States Magistrate Judge Lisa Margaret Smith, ("R&R"), (Doc. 21), recommending that Petitioner's application for a writ of *habeas corpus* be denied. Familiarity with the underlying proceedings, the Petition, the parties' arguments and the R&R is presumed.

       A District Court reviewing a report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)). "A party that objects to a report and recommendation must point out the specific portions of the report and recommendation to which they [*sic*] object." *J.P.T. Automotive, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 659 F. Supp. 2d 350, 352 (E.D.N.Y. 2009). If a party fails to object to a particular portion of a report and

recommendation, further review thereof is generally precluded. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002). The court must review *de novo* any portion of the report to which a specific objection is made. *See* 28 U.S.C. § 636(b)(1)(C); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report only for clear error. *Alaimo v. Bd. of Educ.*, 650 F. Supp. 2d 289, 291 (S.D.N.Y. 2009). "Furthermore, [even] on *de novo* review, the Court generally does not consider arguments or evidence which could have been, but were not, presented to the Magistrate Judge." *United States v. Vega*, 386 F. Supp. 2d 161, 163 (W.D.N.Y. 2005).

Respondent takes issue with Magistrate Judge Smith's conclusion that all claims in the Petition were exhausted, arguing that while Petitioner's letter request to the New York Court of Appeals, (Doc. 12 Ex. 8), sought leave to appeal all issues decided by the Appellate Division, the letter's reference to the jury charge in particular served to limit the request to that one issue. (Doc. 22.) I agree with Judge Smith that all claims were fairly presented to New York's highest court. *See Morgan v. Bennet*, 204 F.3d 360, 371 (2d Cir. 2002) (second letter discussing specific issues not construed to narrow earlier request that all issues be reviewed).

Petitioner challenges Judge Smith's conclusion that it was neither contrary to nor an unreasonable application of federal law for the Appellate Division to rule that Petitioner's statements to Detective Glover were admissible. (Doc. 24, at 4-7.) He first argues that Judge Smith erroneously found that he had been left alone in an interview room between 10:19 am and 2:00 pm, when he was moved to a new interview room. (*Id*. at 4.) The state trial judge so found, (Doc. 12 Ex. 4, at 10), but Petitioner claims he was removed to a holding cell and then returned to an interview room that appeared identical to the one in which he had been previously, (Doc.

2

24, at 4.)  He does not argue that he presented testimony to that effect in the *Huntley* hearing before the state judge, and so it is hard to determine what error he believes the state court made. *See* 28 U.S.C. § 2254 (e)(1) (factual findings of state court entitled to presumption of correctness absent clear and convincing evidence to the contrary).  In any event, even if Petitioner's version of his whereabouts during that period is correct, it would make no difference to the analysis. Under either version, Petitioner was not questioned for three hours and forty minutes, and the interview with Detective Glover took place in a separate room from where Petitioner had spent that interval.  Nothing about Petitioner's version of the events renders unreasonable or contrary to federal law the conclusion that the detectives did not employ a deliberate two-step interrogation process.  While Petitioner points out that there was no break in his custody between 10:19 am and 2:00 pm, that will often be the case where the claim is that a prior unwarned statement taints a later warned statement – indeed, if the first statement is made when the suspect is not in custody, no warnings are required – and does not undermine the conclusion that federal law was not offended by the denial of the suppression of the statements to Detective Glover.

      Nor is that conclusion undermined by Detective Glover's reference, at the beginning of the interrogation, to his desire for clarification of Petitioner's earlier statements.  Petitioner argues that by referring to Petitioner's earlier statements and saying that the detectives were having trouble understanding how the victim sustained certain injuries, Detective Glover "inex[tr]icably linked" the earlier statements to the final statements. (Doc. 24, at 6; *see id.* Ex. C.)  That link does not undermine the basic facts that underlay the conclusion that no deliberate two-step process had been employed: the content, setting and questioner were still different; new warnings were admininstered; and more than three-and-a-half hours had elapsed.  While an overlap in subject matter is one of the factors to be considered in determining whether a

deliberate two-step process was employed, *Missouri v. Seibert*, 542 U.S. 600, 615 (2004), and while in that case "[t]he impression that the further questioning was a mere continuation of the earlier questions and responses was fostered by references back to the confession already given" a mere fifteen to twenty minutes earlier, *id.* at 616, overlap in content is but one of the applicable factors, and Petitioner points to no authority for the proposition that a reference to the earlier statement compels the conclusion that a deliberate two-step process has been used.  The remaining factors supported the state court's conclusion that the statements to Detective Glover were sufficiently attenuated from the earlier interrogations, and the detective's mention of the earlier statements is simply not enough to suggest that the state court's analysis was contrary to or an unreasonable application of federal law.

Thus, for the reasons stated above, all objections are overruled.  I have reviewed the portions of the Petition as to which no objection has been raised, and find no error, clear or otherwise.  Thus, the R&R is adopted as the decision of the Court.  As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253(c)(2).  The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated: September 20, 2016
      White Plains, New York

                                                    _____
                                                    CATHY SEIBEL, U.S.D.J.